## Appeal of BRADLEY MILLER & CO.    Docket No. 1034.

The evidence is insufficient to show that advances to stockholders by a corporation during the period from 1903 to 1906 in cash and notes payable to them, on which no interest was charged and which remained unpaid for a period of fourteen, thirteen, twelve, and eleven years, respectively, constituted invested capital as accounts receivable for excess profits tax purposes in 1917, 1918, and 1919.

Submitted March 12, 1925; decided April 6, 1925.

*H. A. Mihills*, *C. P. A.*, for the taxpayer.
*Percy S. Crewe*, *Esq.*, for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

This is an appeal from a determination by the Commissioner of additional income and profits taxes in the amounts of $2,089.80, $9,731.04, and $298.19 for the calendar years 1917, 1918, and 1919, respectively, as set forth in the deficiency letter mailed to the taxpayer on October 22, 1924. Only a part of the deficiency is in dispute.

The question presented is whether the taxpayer is entitled to include as a part of its invested capital for the years 1917, 1918, and 1919, for excess profits tax purposes, certain alleged accounts receivable, aggregating $116,562.89, from its stockholders, represented by cash and notes executed by the corporation in their favor during the period from 1903 to 1906.

### FINDINGS OF FACT.

Taxpayer is a Michigan corporation with its principal office and place of business at Bay City, in that State, and is engaged in the lumber industry and the manufacture of lumber, box shooks, and forms.

The stockholders of the corporation were F. W. Bradley, N. B. Bradley, and J. M. Miller. In 1903 these individuals purchased certain timber land at Clatsap, Oreg., the purchase price being payable two-thirds in cash and the balance in three installments. In each of the years during the period from 1903 to 1906 the stockholders received from the taxpayer notes executed by it in their favor, together with small amounts of cash, aggregating $116,562.89; they discounted these notes and used the proceeds to make payment for the timber land purchased by them. The amounts making up the sum of $116,562.89 were charged on the books of the corporation against N. B. Bradley & Son, a partnership composed of the stockholders. During the year 1918 the stockholders paid into the corporation the sum of $31,500, and in 1919 the sum of $37,000. In computing taxpayer's invested capital for 1917, 1918, and 1919, the Commissioner refused to include therein the amount of the book entry showing a liability of the stockholders to the corporation in each of these years. He allowed, however, the amounts paid into the

corporation in 1918 and in 1919 as paid-in surplus from the dates paid.

## DECISION.

The determination of the Commissioner is approved.

## OPINION.

LITTLETON: The taxpayer has failed to introduce any evidence tending to show that its correct invested capital for 1917, 1918, and 1919 was affected by failure of the Commissioner to include therein the amounts of the book entry setting up a liability against its stockholders. So far as we can determine from the evidence it appears that the Commissioner did not reduce the invested capital as reflected in its capital stock and surplus accounts but simply refused to allow the amounts claimed as additions to invested capital. The Board is of the opinion that the Commissioner's action was correct. Even if there existed an obligation on the part of the stockholders to repay the amounts to the corporation (which the evidence does not show that there was) this would be offset by the corporation's liability on the notes executed to the stockholders and discounted by them.

If the taxpayer's contention is that the Commissioner reduced invested capital by the amount of the alleged accounts receivable for money advanced during the period from 1903 to 1906, we can find no error in his action. Under such contention it would appear that the corporation borrowed money which it gave to its stockholders and which was invested by them for their personal benefit. There is no evidence to show that the stockholders were not entitled to a like amount as a distribution out of surplus. From the evidence before the Board it appears that collection of the accounts claimed as invested capital was barred by the statute of limitation of six years (Howell's Michigan Statutes, section 14135) and if, in fact, the amounts represented bona fide accounts receivable at the time they were advanced, they were valueless as an asset in 1917.